MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
1674 N. Shoreline Blvd., Suite 140
Mountain View, CA 94043-1375
Tel.: (650) 694-4700
Fax: (650) 694-4818
E-Mail: Cathy@moranlaw.net

Attorney for Defendant

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 4

In Re: ) Chapter 7
)
ROSEMARY GREENE, ) Bankruptcy No. 12-49009
)
        Debtor. )
_____ )
)
BOSCO KANTE AND ) Adversary No. 18-04069
MAYA KANTE, )
)
        Plaintiffs, )
vs. )
) Date: June 20, 2018
ROSEMARY GREENE, ) Time: 10:30 a.m.
) Place: 1300 Clay Street
)       Room 220
)       Oakland, CA
        Defendant. )
_____ ) HON. WILLIAM J. LAFFERTY

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

    Rosemary Greene has moved the court to dismiss this adversary proceeding under Federal Rule of Bankruptcy Procedure 7012, incorporating FRCP 12(b)(6) on the grounds that it fails to state a claim on which relief may be granted.

    As set out in the Complaint, plaintiffs Bosco and Maya Kante (hereinafter "Kantes" or "Plaintiffs") are members of the family of Rosemary Greene and prior to the commencement of Ms. Greene's Chapter 7 case, had business dealings with the debtor concerning her real estate.

Ms Greene owns two parcels of Oakland real estate, known to the parties as Hansom and Greenridge. The Kantes entered into a contract with the debtor to manage and improve the Greenridge property with an eye to a condo conversion and sale. The Kantes claim to have expended their funds in the expectation of repayment. Neither a conversion nor a sale came to pass.

At the point at which Ms. Greene commenced her Chapter 7 case on November 6, 2012, the Greenridge property was scheduled for a foreclosure sale. Greene filed a Chapter 7 case, scheduled the real estate but did not list Plaintiffs among her creditors. She received a discharge on February 12, 2013.

Assuming for the purposes of this motion that Plaintiffs, in fact, had no actual knowledge of the bankruptcy filing until February 20, 2013 [Complaint, page 7, line 19], Plaintiffs assert in the Complaint that their claims against the debtor were not discharged because they were not scheduled, and further, that their claims predating the Chapter 7 case are excepted from discharge by reason of fraud or willful and malicious injury.

The equitable principle of laches requires that the complaint be dismissed as failing to state a claim.

## I. UNSCHEDULED CLAIMS ARE DISCHARGED IN NO ASSET CHAPTER 7 CASE

The 9th Circuit held in *Beezley*, 994 F.2d 1433 (9th Cir. 1993) that the claims of creditors not listed in a debtor's schedule of creditors are nonetheless discharged if the case is a no-asset case in which there is no distribution to creditors.

> If the omitted debt is of a type covered by *11 U.S.C. § 523(a)(3)(A)*, it has already been discharged pursuant to *11 U.S.C. § 727*.
> If the debt is of a type covered by *11 U.S.C. § 523(a)(3)(B)*, it has not been discharged, and is non-dischargeable. *Id* at 1434.

Thus, unless Plaintiffs can prevail on a claim that Greene's debt to them is non dischargeable, the failure to list the Kante claim is without effect on the claim: it is discharged.

## II. THE DOCTRINE OF LACHES BARS KANTE'S NON DISCHARGEABILITY ACTION

Laches is available as a defense to a non dischargeability action filed under §523(a)(3)(B). *Beaty v. Selinger*, 306 F.3d 914 (9th Cir. 2002). Plaintiffs' failure to assert the non dischargeability of their claims for over five years from the filing of the Chapter 7, and for more than 10 years from the events alleged to make the debts dischargeable is without excuse and prejudicial to the debtor.

Bankruptcy Code § 523(c) requires that creditors holding claims which the creditor alleges to be non dischargeable under § 523(a)(2), (4) or (6) request a determination of nondischargeability after notice and a hearing.

FRBP 4007 provides the procedure for such determination. Subsection (b) of the rule allows for the filing of a determination of the dischargeability of debts other than those under 523(c) at "any time". Complaints under § 523(c) must be filed no later than 60 days after the first date set for the meeting of creditors. FRBP 4007(c).

Plaintiffs argue that because they were not scheduled, and they assert that their claims are nondischargeable under § 523(a)(3)(B), they can request a determination of non dischargeability at any time.

However, the 9th Circuit, in *Beaty*, held to the contrary. A non dischargeability action filed under §523(a)(3)(B) is subject to a defense of laches, said the court. "[T]he bankruptcy court is a court of equity and should invoke equitable principles and doctrines, refusing to do so only where their application would be 'inconsistent' with the Bankruptcy Code." *Beaty* at 922.

This adversary is filed well more than five years from the date that the Kantes admit they learned about the commencement of the debtor's Chapter 7. It is filed 9 months after the commencement of the debtor's subsequent Chapter 13, and 7 months after the filing of the Kantes' proof of claim asserting claims arising prior to the Chapter 7 case.

None of the excuses set forth in the Complaint for not bringing these nondischargeability claims earlier are sufficient to allow the prosecution of these claims

now. The Kantes admit they've know about the Chapter 7 case since February, 2013. They claim Bosco Kante was recovering from surgery in November, 2012 [Complaint, paragraph 42]; they were busy with the issues in the Chapter 13 case [Paragraph 52]; they misunderstood the law as it relates to their claims [Paragraph 54]; or they were recovering their prepetition claim through their continuing management of the debtor's properties [Paragraph 57].

As the Plaintiffs themselves set out in the Complaint, the passage of time creates evidentiary problems: documents are lost; memories fade; witnesses die. Complaint, paragraph 56. In addition to those issues, the debtor has aged, and those health issues enumerated in Paragraphs 12, 13 and 14 persist. Plaintiffs' delay, if they genuinely thought they held non dischargeable claims, prejudices the debtor. Nothing meaningful stood in the way of a prompt adjudication of these issues, once Plaintiffs learned of the Chapter 7.

The representations on which Plaintiffs rely were allegedly made five to 10 years prior to the filing of the Complaint. The complaint is filed more than five years from the date on which Plaintiffs claim to have first learned of the case. Such filing is inequitable. A delay by an unscheduled creditor of a year was found to doom a similar, late filed nondischargeability action in the case of *Miller v. Rolston*, 2007 Bankr. LEXIS 2345 (Bankr. New Mex. 2007). So, too, this Complaint should be dismissed with prejudice.

MORAN LAW GROUP, INC.

Dated: 05/18/2018  /s/ Cathleen Cooper Moran
CATHLEEN COOPER MORAN